Lionel King 1099787
Name and Inmate Booking Number

High desert state prison
Place of Confinement

P.O. Box 650
Mailing Address

Indian springs NV. 89070
City, State, Zip Code

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Lionel King _____ ,
                              Plaintiff

vs.

(1) Chaplain Julio calderon _____ ,

(2) warden calvin johnson _____ ,

(3) Deputy director wickham _____ ,

(4) John Doe RRT 1-10 _____ ,

(5) _____ ,
                          Defendant(s).

Case No. 2:21-cv-01452-GMN-BNW
(To be supplied by Clerk of Court)

## CIVIL RIGHTS COMPLAINT
## BY AN INMATE

☐ Original Complaint
☑ First Amended Complaint
☐ Second Amended Complaint

☐ Jury Trial Demanded

## A.     JURISDICTION

1)   This Court has jurisdiction over this action pursuant to:

☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983

☐ 28 U.S.C. § 1331; *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)

☐ Other: 42 USC 2000 _____

2)   Institution/city where Plaintiff currently resides: High desert state prison

3)   Institution/city where violation(s) occurred: High desert state prison

## B.    DEFENDANTS

1. Name of first Defendant: _Julio Calderon_ . The first Defendant is employed as:

_institutional chaplain_ at _High desert state prison_ .
       (Position of Title)                              (Institution)

2. Name of second Defendant: _calvin johnson_ . The second Defendant is employed as:

_institutional warden_ at _High desert state prison_ .
       (Position of Title)                              (Institution)

3. Name of third Defendant: _deputy director wickham_ . The third Defendant is employed as:

_deputy director of the NDOC_ at _the nevada department of corrections_ .
       (Position of Title)                              (Institution)

4. Name of fourth Defendant: _John doe RRT 1-10_ . The fourth Defendant is employed as:

_Religious Recomendation team._ at _the nevada department of corrections._ .
       (Position of Title)                              (Institution)

5. Name of fifth Defendant: _NA_ . The fifth Defendant is employed as:

_____ at _____ .
       (Position of Title)                              (Institution)

**If you name more than five Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.    NATURE OF THE CASE

Briefly state the background of your case.

_This case arises from the named defendants failure to provide the plaintiff_
_a sincerely held religious diet, violating his First amendment Right to religious_
_exercise, fourteenth amendment right to equal protection, and The RLUIPA._

2

# CLAIM I

1. State the constitutional or other federal civil right that was violated: First, fourteenth and RLUIPA

2. **Claim I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate claims.

   ☐ Basic necessities     ☐ Medical care     ☐ Mail

   ☐ Disciplinary proceedings     ☐ Exercise of religion     ☐ Property

   ☐ Access to the court     ☐ Excessive force by officer     ☐ Retaliation

   ☐ Threat to safety     ☒ Other: religious                 .

3. **Date(s) or date range** of when the violation occurred: 11-9-20 - present.                    .

4. **Supporting Facts**: State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each specific defendant (by name)** did to violate your rights. State the facts clearly in your own words without citing legal authority or argument.

   The Plaintiff is a native american inmate housed at High desert state prison ("HDSP") The Plaintiff attended native american religious services.

   As part of his sincerely held religious beliefs, the plaintiff believes that he "must honor his ancestors and mother earth". The Plaintiff sincerely believes that in order to honor his ancestors and mother earth he must consume what their ancestors ate, namely fresh fruit, vegetables, and grains, and that they must not eat meat if the animal was not treated and/or killed humanely.

   In an attempt to receive a diet consistent with his sincerely held religious beliefs the Plaintiff filed a request to be placed on the commonfare diet by filling out and submitting a Doc 3060 "State of nevada, Department of corrections religious/spiritual belief diet accommodation request and registration" form (hereinafter "commonfare")

   The chaplain, defendant Julio caldesin, received the commonfare application. upon receipt, defendant caldesin is required to perform an interview of the plaintiff in order to determine the sincerity of plaintiffs requests. Defendant caldesin ignored the plaintiffs initial request. However, after multiple requests to be placed on the commonfare diet, defendant caldesin ultimately denied the plaintiffs request, without performing the required review and without stating a reason.

   Defendant caldesin also instructed the Plaintiff to submit a religious recommendation

**If you assert more than three claims, answer the questions listed above for each additional claim on a separate page.**

3

### E.  PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while incarcerated?  ☐ Yes  ☑ No

2. Has this Court or any other court designated you as subject to "three strikes" under 28 U.S.C. § 1915(g)?  ☐ Yes  ☑ No

3. If you have "three strikes" under 28 U.S.C. § 1915(g), does this complaint demonstrate that you are "under imminent danger of serious physical injury?"  ☐ Yes  ☑ No

### F.  REQUEST FOR RELIEF

I believe I am entitled to the following relief: 1) Injunctive relief requiring defendants provide him commonfare 2) injunctive relief barring defendants from denying commonfare to inmates because of the centrality test. 3) declatory relief stating defendants violated plaintiffs rights 4) declatory relief that AR810 and AR814 and their op counts parts are unconstitutional and violate rluipa. (5) injunctive order directing that defendant calderin be removed from his role as chaplain responsible for responding to inmates requests for religious diets (6) injunctive order requiring an interview be held before a determination is made regarding

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** *See* 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Ammianus Pompilius 74880
_____
(name of person who prepared or helped
prepare this complaint if not the plaintiff)

_____ # 199787
(signature of plaintiff)

3.4.22
_____
(date)

### ADDITIONAL PAGES

You must answer all questions concisely in the proper space on the form. Your complaint may not be more than 30 pages long. It is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. If you need to file a complaint that is more than 30 pages long, you must file a motion seeking permission to exceed the page limit and explain the reasons that support the need to exceed 30 pages in length.

Claim one, pg 3 continued

Request to the RRT team. The Plaintiff has not received a response from the defendants RRT John Doe 1-10, which further denies the plaintiff access to his sincerely held religious diet.

The Plaintiff appealed defendants failure to respond to the Plaintiffs request and ultimately the denial of Plaintiffs request for commonfare by completing the grievance Process as outlined in Administrative resolution ("A.R.") 740. The Plaintiff filed his grievance under log No: 2006-31-19366

Defendant Julio caldern denied the Plaintiffs informal grievance because "in accordance with A.R 814.03 #. " an inmate wishing to participate in the common fare diet shall complete and submit a religious diet accommodation request." in accordance with AR 810 faith group overview, the religion to which [you] have and are currently ascribed to you do not qualify since it has no special dietary requirements. grievance denied."

In other words, defendant caldern, without interviewing the Plaintiff to determine the SINCERITY of the Plaintiffs request, denied the Plaintiffs request because he believes that the Plaintiffs religion does not require a religious diet. Aside from the failure of the NDOC to define the native american religion as in-rich and multi faceted religion with multiple and even competing religious beliefs and practices, defendant caldern denied Plaintiffs request for a sincerely held religious diet because it is not Central TO The PLAINTIFFS Religion. Requiring the Plaintiff to prove a religious exercise is central to and/or required as part of, a religious belief violates RLUIPA And denying the Plaintiffs request for a sincerely held religious diet because it is not central to the Plaintiffs sincerely held religious beliefs is a substantial burden, as forcing the Plaintiff to consume foods that do not meet his sincerely held beliefs, violates these beliefs.

The Plaintiff denied the Plaintiffs grievance. Defendant Johnson responded by directing the Plaintiff to fill out and submit a commonfare application. And denied the Plaintiffs grievance. Defendant caldern had already denied the Plaintiffs commonfare

affliction because the native American religion does not require its adherents to follow a specific diet. By directing the plaintiff to contact the RLM in order to prove that the native american religion required a diet is contrary to the very principles of RLUPA.

Aside from the fact that the defendants define plaintiffs religion in a strict micro nature, as there is no such religion known as "native American", as native American's practice a rich and diverse collection of religious systems and beliefs which differ by tribe, region, and even country, and cannot be defined as a singular, all encompassing religion. No such religion exists. Defendant Johnson denied the plaintiffs request for commonfare and ordered him to instead prove that the "native American religion" requires a commonfare diet. Aside from the fact that there is no such thing as a singular all encompassing "native American religion" Defendant Johnsons directive violates RLUPA in that he sought to direct the plaintiff to prove what RLUPA expressely prohibits, and prohibited the plaintiff from practicing a sincerely held religious belief unless he did prove it was required. This violates RLUPA.

Defendant wickham denied the plaintiffs second level grievance. Defendant wickham summed up the defendants position that only inmates religions require a religious diet will receive it. ~~This~~ To wit "I am in response of your second level grievance as it relates to your desire to receive commonfare diet as part of your native american religious beliefs. Per AR 810.2 Faith overview clearly states that the native American faith, to which you are registered, does not require any special dietary needs. AR814 does not Authorize a commonfare diet for any who request it. AR814 states "A. any inmate who sincerely subscribes to a religious/spiritual issue that is held as Authorized to meet in NDOC facilities is elisible to be considered for the commonfare program. B. inmates who sincerely subscribe to other religious/spiritual beliefs may be required to provide additional information about their dietary restrictions so that their enrollment in the commonfare

Program can be considered." You were advised to submit your request to the chaplain to be presented to the religious review team and would be informed once a response is received. While your request is considered by the religious review team, you have the option of requesting an alternative or no meat diet. And per AR 814.4A(5) denial of a religious/dietary meal does not prohibit the free exercise of or impose a substantial burden on an inmates religious/spiritual exercise. Grievance denied."

Defendant Wickham again relies on the centrality test to determine that the Plaintiff should be denied commonfare, and then instead of determining whether the Plaintiff's sincerely held belief that he requires the commonfare religious diet, he chose to instead direct them to 1) Prove that his religion required, as a central tenth, the religious diet, by requiring them submit the request to the RRT; (2) To wait for the RRT to determine whether the "Native American" religion required a religious diet. Again, the Plaintiff argues that requiring the Plaintiff to prove that the diet is central to the native american religion is forcing the Plaintiffs to do exactly what RLUIPA forbids. The defendants clearly violated RLUIPA by directing the Plaintiff to make such a showing.

Furthermore, The Plaintiff is not a vegetarian. The Plaintiff requested the commonfare diet because he believes that it, not the vegetarian (Alternative, No-meat diet) meets the dietary requirements of his sincerely held beliefs. Further the vegetarian diet provided by the NDOC DOES NOT meet the Plaintiffs dietary requirements. Attempting to force the Plaintiff to become a vegetarian, when he is not a vegetarian, and his religion does not require him to be one, again places a substantial burden on the Plaintiffs religious exercise by attempting to force him to change his behavior.

The defendants, each of them, denied the Plaintiff a religious diet based upon a sincere belief. Denied the Plaintiffs request for a sincerely held religious diet because they do not believe that the requested diet is central to the native american religion. This centrality test violates RLUIPA. The defendants then denied the Plaintiffs request for a sincerely held religious diet unless he can prove that it is central to the native

American religion, again denying the plaintiff a religious diet based on the centrality test. The defendants then direct the plaintiff to request the alternative no meat diet. The plaintiff is not a vegetarian, and the vegetarian diet provided by the NDOC does not meet the dietary requirements held by the plaintiff. The plaintiff has maintained that the commonfare diet, which is the NDOC' religious dietary program does meet the dietary requirements of the plaintiffs religious beliefs.

The defendants refusal of the plaintiffs request for a commonfare diet places a substantial burden on the plaintiffs religious exercise. First, the plaintiff believes that he must maintain the sincerely held religious diet in order to honor his ancestors and mother earth. By denying the plaintiff the religious diet the plaintiff is dishonoring his ancestors and mother earth, and angering them. Second, by dishonoring his ancestors and mother earth the plaintiff believes that he is angering them, which can result in them turning against him.

The plaintiff would also point to a fact that inmates who sincerely believe in a religious diet are entitled to a religious diet accommodation. This is a well settled matter. The plaintiff must make a showing that the request was religious in nature and that the request was made based on sincere belief, and that the denial of the diet poses a substantial burden. The plaintiff has done so.

The plaintiff would further challenge the constitutionality of both AR810 and AR814 as they define religion based entirely upon what is central to a religion in violation of RLUIPA. The centrality test imposed by the NDOC violates RLUIPA in that it requires inmates to prove that a religious exercise is central to a religious system before it will be permitted. Requiring the plaintiff to prove what RLUIPA forbids before permitting the plaintiff access to his religious diet also substantially burdens the plaintiffs religious exercise.

Every day that the plaintiff is denied his sincerely held religious dietary beliefs is another day that the defendants are forcing the plaintiff to dishonor his ancestors and mother earth. This is equal to sinning in the christian faith.

pg 8

The Plaintiff therefore concludes this claim as follows, each of the defendants were notified in writing and/or verbally of the Plaintiffs sincere religious dietary beliefs which are consistent with the commonfare diet. The Plaintiff adhered to NDOC rules and regulations in requesting his sincerely held religious diet including submitting a request to defendants RRT team, when requiring the Plaintiff prove the centrality of his dietary Religious beliefs violates Rluipa. The defendants violated the Plaintiffs equal protection rights when they allow other inmates with religious diets to receive their diets, but denied the Plaintiff The defendants also violated the Plaintiffs First Amendment Rights and Rluipa when they denied the Plaintiffs request because they assert it is not central to Plaintiffs religion despite the Plaintiff proving that he sincerely believed that he was required to practice this diet. and the Plaintiff asserts that he is not a vegetarian, nor does his religious beliefs require he be a vegetarian and to force him to become one rather than placing him on the commonfare diet places a substantial burden on the Plaintiff, especially in light of the fact that the Alternative No meat diet does not meet the standard of the Plaintiffs sincerely held religious dietary beliefs. (It serves eggs, fish, and very little vegetables. There is NO guarantee that the fish or eggs come from a humane, sustainable source.) The commonfare diet does in fact, meet the religious dietary standards. And finally, by refusing to provide the Plaintiff with his sincerely held religious diet, They are forcing the Plaintiff to dishonor his ancestors and mother nature. This substantially burdens the Plaintiff in that he is being forced to act contrary to his sincerely held religious beliefs, or from a christian perspective, the defendants are forcing the Plaintiff to Sin.

Finally, The Plaintiff has a constitutional and statutory right to a religious diet. The defendants are violating this right.

Section F. Request for relief continued.

an inmates request for compliance to determine the sincerety of the request.

7) $200 a day that the plaintiff has been denied compliance.

8). all court costs, filing fees, copy fees and other fees associated with this action.

9). any and all other relief deemed appropriate by judge of this court.