UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIONEL KING,<br><br>                    Plaintiff<br><br>   v.<br><br>JULIO CALDERIN, *et al.*,<br><br>                    Defendants | Case No. 2:21-cv-01452-CDS-BNW<br><br>ORDER DENYING EMERGENCY MOTIONS<br><br>[ECF Nos. 12, 13] |

     Pro se plaintiff Lionel King brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he allegedly suffered while he was incarcerated at High Desert State Prison (HDSP). ECF No. 4 at 1. On June 7, 2022, I screened King's first amended complaint, allowing claims to proceed, staying this case, and referring it to the court's Inmate Early Mediation Program. ECF No. 6. I instructed the parties that during the stay period and until the court lifted the stay, no other pleadings or papers could be filed in this case. *Id.* at 10. I also instructed that the parties did not need to respond to any paper filed in violation of the stay unless specifically ordered by the court to do so. *Id.*

     The parties were assigned to a court-appointed mediator, and a mediation conference was scheduled for December 9, 2022. ECF No. 8. The parties did not reach a settlement at the mediation conference. ECF No. 14. As a result, the court granted King's application to proceed *in forma pauperis*, lifted the stay, and returned this case to the litigation track. ECF No. 17.

     Before the court lifted the stay of this case, King filed an emergency motion for a preliminary injunction related to the diet that he is being fed at HDSP. ECF No. 10. I deferred further briefing on that motion until after the mediation conference if the parties did not reach a settlement. ECF No. 11. That motion is fully briefed. ECF Nos. 10, 19, 20. But I do not address that motion's merits in this order.

     Before the court lifted the stay of this case, King filed a set of emergency motions for a temporary restraining order and a preliminary injunction seeking to prohibit defendant Julio

Calderin from having any contact or interaction with him. ECF Nos. 12, 13. Because King filed the motions in violation of the stay, defendants did not file a substantive response, and have asked for guidance about how to proceed. ECF Nos. 15, 16. For the reasons discussed below, I find that the emergency motions are not meritorious and do not require further briefing. Therefore, I deny the motions.

I.      LEGAL STANDARD

Restraining orders and preliminary injunctions are "extraordinary remed[ies] never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The legal standard for obtaining a temporary restraining order and the legal standard for obtaining a preliminary injunction are "substantially identical." *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), *overruled on other grounds by Winter*, 555 U.S. at 20. The Supreme Court clarified the standard for these forms of equitable relief in *Winter v. Natural resources Defense Council, Inc.*, instructing that the plaintiff "must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction [or restraining order] is in the public interest." 555 U.S. at 20. The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor, and the other two *Winter* factors are satisfied.'" *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* (internal quotations omitted). The Prison Litigation Reform Act (PLRA) similarly instructs that any restraining order or preliminary injunction granted with respect to prison conditions "must

be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Finally, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC v. Queen's Medical Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015) (*Pacific Radiation*). "This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims in the underlying complaint itself." *Id.* The necessary connection is satisfied "where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (quoting *De Beers Consol. Mines*, 325 U.S. 212, 220 (1945)). "Absent that relationship or nexus, the district court lacks authority to grant the relief requested." *Id.*

## II.   DISCUSSION

King declares and argues in his emergency motions that around July 19, 2022, while he was in Calderin's office, Calderin "grabbed the plaintiff aggressive by the bicept [sic], squeezing hard, and shook the plaintiff aggressively while stating 'this guy, this guy.'" ECF No. 12 at 2, 18–19. Calderin then put his hands around King's neck and squeezed while stating that he was going to kill King because King was suing him. *Id.* Correctional officer Rodriguez saw the incident and was surprised. *Id.* King was fearful and left the office for his own safety. *Id.* He later filed a grievance about the incident. *Id.*

A week later while King was in the chapel discussing issues with Rodriguez, Calderin snuck up behind King and yelled "what are you doing here?" *Id.* at 11, 19. The yell was loud enough to cause King's ear to briefly ring and heart to race, and to make him jump. *Id.* King seeks an order prohibiting Calderin from the chapel during the pendency of this action and preventing defendants from transferring King to another prison. *Id.* at 3.

King's first amended complaint brings claims under the First Amendment's Free Exercise Clause, the Religious Land Use and Institutionalized Persons Act of 2000, and the Fourteenth Amendment's Equal Protection Clause about defendants' refusal to place King on the common fare diet because he is a member of the Native American faith group, which does not have any

special dietary needs. *See* ECF No. 3. King's emergency motions argue that Calderin retaliated against him for exercising his First Amendment rights by filing this lawsuit and committed assault and battery in violation of Nevada law. Like the claims in *Devose v. Herrington*, these are "new assertions of misconduct [that] might support additional claims against [defendant Calderin]," but they do not support King's request for a restraining order and injunctive relief because they are "entirely unrelated to the conduct asserted in the underlying complaint." *Pacific Radiation*, 810 F.3d at 636 (citing *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Moreover, I find that the evidence does not show that King will suffer irreparable harm in the absence of relief. Although Calderin's behavior is concerning, King waited over four months before bringing a motion about it. And I find that the relief King seeks is not narrowly drawn as required under the PLRA. I therefore deny the emergency motions.

### III.  CONCLUSION

It is therefore ordered that the emergency motions for a temporary restraining order and injunctive relief **(ECF Nos. 12, 13) are DENIED**.

DATED this 24th day of January, 2023.

_____
UNITED STATES DISTRICT JUDGE