AARON D. FORD
  Attorney General
LORIN M. TAYLOR (Bar No. 14958)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, Nevada 89101
(702) 486-2389 (phone)
(702) 486-3773 (fax)
Email: lmtaylor@ag.nv.gov

*Attorneys for Defendants*
*Julio Calderin, Calvin Johnson,*
*Harold Wickham*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LIONEL KING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JULIO CALDERIN, *et al.*,<br><br>　　　　Defendants. | Case No. 2:21-cv-01452-CDS-BNW<br><br>**DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE**<br><br>**[ECF NO. 25]** |

Pursuant to this Court's May 1, 2023, Order Granting Preliminary Injunction,[1] Defendants Julio Calderin, Calvin Johnson, and Harold Wickham, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Lorin M. Taylor, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respond to this Court's Order that The Attorney General's Office Show Cause as to why Lionel King was not previously placed on the NDOC's Common Fare Diet and what steps Defendants are taking to amend the NDOC's Administrative Regulations to ensure that other incarcerated Native Americans are not denied the Common Fare Diet under similar circumstances in the future.

---

[1] ECF No. 25.

Page **1** of **7**

### A. WHY DIDN'T THE ATTORNEY GENERAL'S OFFICE INSTRUCT THE NEVADA DEPARTMENT OF CORRECTIONS TO PLACE LIONEL KING ON THE COMMON FARE DIET?

This Court ordered Defense Counsel to show cause why the Defendants did not place King on the Common Fare Diet "in light of this court's recent ruling in substantially similar cases."[2]

The Office of the Attorney General provides legal representation and advice to the State of Nevada, its agencies, boards, commissions, present or former state judicial officers, State Legislators, officers or employees of this State, immune contractors or member of a state board or commission.[3] One of the agencies the OAG represents and advises is the Nevada Department of Corrections. The NDOC, under the supervision of the Director and his Deputy Directors is responsible for "the supervision, custody, treatment, care, security and discipline of all offenders under his or her jurisdiction;"[4] "protect the health and safety of the staff and offenders in the institutions and facilities of the Department;"[5] and "holding of religious services in the institutions and facilities and make available to the offenders copies of appropriate religious materials."[6] The Director also "[e]stablish[s] regulations with the approval of the Board [of Prison Commissioners] and enforce[s] all laws governing the administration of the Department and the custody, care and training of offenders."[7]

Approving King for the Common Fare Diet is not within the purview of the OAG—that decision is at the sole discretion of the NDOC.[8] To the extent this Court is inquiring why the OAG did not advise its client to place King on the Common Fare Diet, any discussion between the OAG and the NDOC about the decision to place a particular inmate on the Common Fare Diet is privileged attorney client communication and under NRS 49.095, the NDOC does not waive its privilege.[9]

---

[2] ECF No. 25 at 11.
[3] *See* Nev. Const. art. V, § 22; NRS Chapter 228; NRS 41.0338.
[4] NRS 209.131(4).
[5] NRS 209.131(7).
[6] NRS 209.131(10).
[7] NRS 209.131(6).
[8] Exhibit A – Declaration of Deputy Director Harold Wickham.
[9] *Id.*

To the extent this Court is inquiring into Defense Counsel's legal reason for not relying on the three cases King cited to stand for the proposition that King ought to have been given the Common Fare Diet, the answer is that given the individual sincerity requirements required under RLUIPA, those cases, while representing situations in which this District concluded an injunction was warranted, do not indicate that it would be necessary to issue a similar injunction in this case.

Specifically, in *Ross v. Sandoval,* Judge Gordon granted a preliminary injunction under RLUIPA to place a Buddhist inmate housed at HDSP on the Common Fare Diet.[10] That case settled in March of 2019.[11] In *Pompilius v. Nevada*, Judge Gordon ordered that a Qayinite inmate housed at HDSP be placed on the Common Fare Diet.[12] Pompilius moved to voluntarily dismiss his case in January 2022, after which the parties entered a stipulation to dismiss.[13] In *Guardado v. Dzurenda*, Judge Navarro ordered a Native American inmate at HDSP be placed on the Common Fare Diet.[14] This case is still on-going.

*Ross* and *Pompilius* are distinguishable as they are not about Native American inmates. While *Guardado* involved a Native American adherent, the facts of that case and this case are also distinguishable. Indeed, as King noted, there are numerous Native American beliefs and adherents, all with different beliefs.[15] As such, while both *Guardado* and this case involve Native American adherents, given the individual requirement of sincerity required under RLUIPA[16] and the lack of any evidence that all Native Americans require common fare, the ruling in *Guardado* was not sufficient to require NDOC to place King or any other Native American on the common fare diet.

---

[10] *Ross v. Sandoval*, No. 2:17-CV-02386-APG-GWF, 2018 WL 5114134, at *4 (D. Nev. Oct. 19, 2018).
[11] 2:17-CV-02386-APG-GWF at ECF No. 78, 79.
[12] *Pompilius v. Nevada*, No. 2:18-CV-01801-APG-VCF, 2021 WL 414534, at *6 (D. Nev. Feb. 5, 2021).
[13] 2:18-CV-01801-APG-VCF ECF No. 92, 93, and 94.
[14] *Guardado v. Dzurenda*, No. 2:21-CV-00994-GMN-EJY, 2022 WL 867234, at *4 (D. Nev. Mar. 22, 2022).
[15] ECF No. 10 at 10.
[16] ECF No. 25 at 5-6.

Further, none of these three cases have been disposed of on the merits, and to date, neither those three cases or any other case have declared Administrative Regulation 810, 810.2, or 814 unconstitutional—nor suggested that they need to be revised.

In evaluating "such an intensely personal area"[17] as an allegation of a substantial burden under RLUIPA, the inquiry focuses on the <u>individual's</u> religious belief. In *Warsoldier v. Woodford*,[18] the Ninth Circuit explained that is it a substantial burden for a government entity to coerce a person into abandoning his religious exercise to comply with a rule or regulation. In *Shakur v. Schriro*,[19] the Circuit Court remanded to the trial court, advising that a RLUIPA violation lies in the extent of the pressure a prison put on the inmate to "betray his religious beliefs" and the extent is a factual dispute.

These cases, like *Ross, Pompilius,* and *Guardado,* instruct the NDOC that issues concerning inmate religion are determined not on the basis of a group practice, not of the basis of orders relating to other inmates in the same prison, but on an individualized, case-by-case, inmate-by-inmate basis. Which is what happened in King's situation—correctly or incorrectly, Chaplain Calderin denied King's request for a Common Fare Diet based on King's application and Calderin's understanding of the Administrative Regulations.

### B. WHAT STEPS HAVE BEEN TAKEN TO REVISE THE ADMINISTRATIVE REGULATIONS?

NDOC Deputy Director Harold Wickham has instructed the Religious Review Team—a panel of NDOC personnel including a Warden and Chaplains from Northern Nevada and Southern Nevada who serve three-year terms and who oversee and "ensur[e] religious Administrative Regulations are uniformly interpreted, applied and enforced" across institutions[20]—to review how NDOC inmates are approved for the Common Fare Diet under AR 814.[21] Deputy Director Wickham and the RRT will discuss whether the

---

[17] *United States v. Seeger*, 380 U.S. 163, 184 (1965).
[18] 418 F.3d 989, 996 (9th Cir. 2005).
[19] 514 F.3d 878, 884 (9th Cir. 2008).
[20] Exhibit B – Nevada Department of Corrections Administrative Regulation 810 – Religious Faith Group Activities and Programs, effective date November 16, 2016.
[21] Exhibit A; Exhibit C – Nevada Department of Corrections Administrative Regulation 814 – Inmate Common Fare/Religious Diet, effective date June 17, 2012.

issues this Court addresses in its Order are best addressed with revisions to the Administrative Regulations, or further training for NDOC personnel when it comes to the Common Fare and Common Fare applications.[22]

Deputy Director Wickham has instructed the RRT to make sure that Common Fare applicants receive interviews with Institutional Chaplains as required by the Administrative Regulation, no matter which faith group the applicant has declared he or she subscribes to.[23] The RRT will also review the option of provisionally placing Common Fare applicants onto the Common Fare Diet until the institutional Chaplain can conduct the interview.[24]

Finally, NDOC reviews ARs on a regular basis. Given the recent history regarding common fare diet issues, NDOC is committed to reviewing AR 812 and AR 814 as part of its normal review of policies and procedures, including the Faith Group Overview Chart.[25] The chart indicates faith groups that require the Common Fare Diet and whose declared members are automatically eligible for the diet.[26] For those faith groups who are not automatically eligible for the Common Fare Diet, the chart currently reads: "No special dietary standard exists. The chart is not designed to take into account individual preferences of adherents who may not follow the precise mandates set forth in the Faith

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] Exhibit D – Nevada Department of Corrections Administrative Regulation 810.2 – Faith Group Overview, effective date July 18, 2019.

Page **5** of **7**

1  Group Overview Chart. That process is governed by AR 814. NDOC is committed to
2  ensuring that chaplains appropriately interview anyone who seeks a common fare diet,
3  even if the diet is not one that is required to be provided to the group as a whole[27]

4  DATED this 15th day of May, 2023.

AARON D. FORD
Attorney General

By: /s/ Lorin M. Taylor
LORIN M. TAYLOR (Bar No. 14958)
Deputy Attorney General

*Attorneys for Defendants*

---

[27] Exhibit A.

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on May 15, 2023, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 25]** via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically.

```
LIONEL KING #1099787
High Desert State Prison
P.O. Box 650
Indian Springs, Nevada 89070
Plaintiff, Pro Se
```

/s/ Lorin M. Taylor
LORIN M. TAYLOR, an employee of the
Office of the Nevada Attorney General